**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wenceslao Cruz, | No. CIV 12-487-TUC-RCC (LAB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on July 2, 2012, by Wenceslao Cruz, an inmate confined in the Arizona State Prison Complex in Douglas, Arizona. (Doc. 1)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. The trial court's denial of Cruz's motion to dismiss the charges did not violate due process. Cruz's other claims are procedurally defaulted.

Summary of the Case

Cruz was found guilty after a jury trial of fleeing from a law enforcement vehicle. (Doc. 6, p. 2) The trial court sentenced Cruz to a six-year term of imprisonment. (Doc. 6, p. 2)

On direct appeal, Cruz argued the trial court erred when it denied his motion to dismiss the charges. (Doc. 6-1) The Arizona Court of Appeals affirmed his conviction and sentence on August 18, 2011. (Doc. 6-1, p. 10) The Arizona Supreme Court denied review on February 15, 2012. (Doc. 6, p. 3) The court of appeals issued its mandate on June 19, 2013. http://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID=121890.

On July 2, 2012, Cruz filed the pending petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) the trial court erred when it denied his motion to dismiss the charges; (2) his right to a speedy trial was violated; (3) trial counsel was ineffective for failing to introduce the 911 tapes into evidence; and (4) the trial court's statement that the prosecutor should "drop the case and refile" was prosecutorial and judicial misconduct. (Doc. 1, 1-1)

In their answer, the respondents argue Cruz's claims are procedurally defaulted. (Doc. 6) Cruz did not file a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

Discussion: Claims 2-4

The respondents argue claims 2-4 were not raised in Cruz's direct appeal and are now procedurally defaulted. The court agrees.

Cruz did not present these claims to the Arizona Court of Appeals. (Doc. 6-1) They were not properly exhausted. Moreover, Cruz cannot return to state court and litigate them now. Claims 2 and 4 are precluded because they should have been raised on direct appeal. Ariz.R.Crim.P. 32.2. Claim 3 should have been brought in a Rule 32 post-conviction relief petition, but the time for filing such a petition is now passed. Ariz.R.Crim.P. 32.4(a). These three claims are procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Cruz did not file a reply arguing his default should be excused or that failure to consider the claims will result in a fundamental miscarriage of justice. *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

Discussion: Claim 1

The respondents argue Claim 1 also was not properly exhausted because Cruz never alerted the court of appeals that he was raising a federal constitutional claim. The court is not entirely convinced.

In his brief before the court of appeals, Cruz argued the trial court's denial of his motion to dismiss violated his "due process" rights. (Doc. 6-1, pp. 12-26) He cited to a case, *State v. Huffman*, 222 Ariz. 416, 419-20, 215 P.3d 390, 393-94 (App. 2009), that analyzed when a failure to dismiss violates the Due Process Clause of the Federal Constitution. *Id*. Accordingly, it appears that Cruz did alert the court of appeals that his claim was federal in nature. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). This court need not analyze the issue, however, because the claim may be denied on the merits regardless. *See* 28 U.S.C. § 2254(b)(2).

During the pretrial discovery process, Cruz moved for a continuance because his investigator had not been able to interview all of the state's law enforcement witnesses. (Doc. 6-1, pp. 8-9) The trial court denied the motion and ordered the state to produce its witnesses two days later. *Id*. The state, however, failed to produce two of its witnesses by the court's

- 5 -

deadline. *Id*. The court ordered the witnesses precluded, but permitted the state to dismiss the charges without prejudice. *Id*. When the state refiled the charges, the defendant filed a motion to dismiss, which was denied. (Doc. 6-1, pp. 3-4)

In the pending petition, Cruz claims his due process rights were violated when the trial court denied his motion to dismiss the refiled charges. The court does not agree.

As the Arizona Court of Appeals observed, the Due Process Clause is implicated only where the refiling of charges after a previous dismissal results in actual prejudice. (Doc. 6-1, pp. 8-9) And here, there was none. *Id*. There was no evidence that "memories had dimmed, evidence was lost, and witnesses were unavailable or could not be found and a fair trial was not possible." *Id*.   Accordingly, the Due Process Clause was not violated by the trial court's failure to grant the defendant's motion to dismiss. *See U.S. v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465 (1971) ("Thus, the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused."); *James v. Mauldin*,  2010 WL 366722, 19-21 (D.Ariz. 2010) (Due process was not violated where the state filed aggravated DUI charges shortly after the original misdemeanor DUI charges were dismissed without prejudice.).

Cruz further argues that by allowing the state to dismiss the charges and then refile, the trial court allowed it to avoid the previously imposed discovery sanction. This, he maintains, violated the letter and spirit of the state rules of criminal procedure.

The Arizona Court of Appeals, however, ruled that the trial court did not abuse its discretion when it allowed the state to dismiss the charges without prejudice. (Doc. 6-1, p. 8) And this court must defer to a state court's interpretation of its own laws. *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003). There was no violation of state law here. Moreover, even if there were an error of state procedural law, habeas relief still would not lie.

The writ of habeas corpus is not available to redress errors of state procedural law. The only issue before this court is whether the petitioner received a fair trial in accordance with due

process. *Jammal v. Van de Kamp*, 926 F.2d 918, 919 -920 (9th Cir. 1991) ("The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point."). For example, the admission of testimony that is arbitrary or prejudicial could, in certain circumstances, violate due process. *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995). Cruz, however, does not argue that there was anything wrong with the witnesses' testimony, only with the pretrial procedure. Absent any evidence that this procedure resulted in a trial so arbitrary and fundamentally unfair as to violate due process, habeas relief is not indicated. The decision of the Arizona Court of Appeals denying relief was not "contrary to" or "an unreasonable application of" federal law. *See* 28 U.S.C. § 2254(d).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. Reply briefs are not permitted under the Local Rules.

DATED this 12th day of September, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge